UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

JULIAN DEMONT PACE,
　　　　　*Defendant-Appellant.*

No. 03-4938

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Richard L. Williams, Senior District Judge, sitting by designation.
(CR-02-33)

Submitted: June 30, 2004

Decided: July 29, 2004

Before WIDENER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West Virginia, for Appellant. Thomas E. Johnston, United States Attorney, Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Julian Demont Pace appeals his jury convictions and resulting 262-month sentence for conspiracy to possess with intent to distribute in excess of fifty grams of crack cocaine and distribution of .36 grams of crack cocaine. Because we conclude there was sufficient evidence to support his conspiracy conviction and because we find no abuse of discretion in the court's jury instructions, we affirm.

Pace and a co-defendant ("Rosario") sold $100 worth of crack cocaine to a confidential informant ("Stratton"); analysis found the drug weight was .36 grams. Members of a state drug task force drove Stratton to Centre Street, a known drug trafficking area in Martinsburg, West Virginia, and monitored him by visual, audio, and video surveillance. Pace and Rosario soon arrived and approached Stratton.

Stratton had purchased cocaine from Rosario before but did not know Pace. On prior drug buys with Stratton, Rosario went somewhere else to get the drugs and then returned to make the delivery. Before giving Rosario and Pace a ride, Stratton informed them that he wanted to purchase crack cocaine, they stated they could help him, and asked him to drive to Race Street. Pace, who was walking with a bicycle, put his bike in the bed of Stratton's truck.

When they arrived at Boyd Avenue and Race Street, Stratton parked, and Pace retrieved his bike and left the area. Rosario remained, and the two discussed the crack cocaine; Rosario assured Stratton that the drug would be of good quality and that Pace would return. Pace eventually returned, and the three got back in the truck and returned to Centre Street. En route, Pace gave the crack to Rosario, who handed it to Stratton. Stratton asked Pace if it was $100 worth, and after he assured him it was, Stratton gave money to Rosario. Stratton drove the two back to Centre Street and dropped them

off. In addition to Rosario, the Government presented testimony from other drug users who frequented the Centre Street area to purchase drugs. All three testified to Pace's involvement in drug trafficking in that area.

During the voir dire at trial, the court stated to the jury:

> Also, under our system a defendant is never under any obligation to put on any evidence at all. Should Mr. Pace and his lawyer make the tactical decision that they will not put on any evidence in this case, would any of you be prejudiced against him because he made that decision? I take it your silence is a negative answer.

(JA Vol. I at 30). Pace did not object to this statement. Pace did not put on any evidence after the Government presented its case. The court and counsel then discussed the jury instructions. There was no discussion concerning the defense's previously submitted instruction that no adverse inference should be drawn from Pace's failure to testify.

After closing arguments, the court instructed the jury:

> You are not to draw any inferences adverse to the defendant because of the fact that he made the executive decision along with his lawyer not to put on any evidence.

(JA Vol. II 227-28). Pace did not immediately object to this instruction. After the jury retired, there was further discussion about the jury instructions between the court and counsel. The parties agreed that the court had inadvertently misstated the quantity of crack cocaine involved in the distribution count, and the court corrected the error after returning the jury to the courtroom. After the court solicited further objections, defense counsel then voiced his concern that the court's instruction that "the defendant made an executive decision not to present evidence" did not "distinguish between calling other witnesses and [Appellant's] fifth amendment right not to testify." The defense noted its proposed instruction, which the court did not give, referred to the defendant's "right not to testify versus presenting evidence." The court rejected the defense's concern.

A defendant challenging the sufficiency of the evidence faces a heavy burden. *See United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997). "[A]n appellate court's reversal of a conviction on grounds of insufficiency of evidence should be 'confined to cases where the prosecution's failure is clear.'" *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)). In reviewing a sufficiency challenge, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). This Court "ha[s] defined 'substantial evidence,' in the context of a criminal action, as that evidence which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Newsome*, 322 F.3d 328, 333 (4th Cir. 2003) (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)).

In evaluating the sufficiency of the evidence, this Court does not "weigh the evidence or review the credibility of the witnesses." *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997). Where the evidence supports differing reasonable interpretations, the jury will decide which interpretation to believe. *Id.* Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context." *Burgos*, 94 F.3d at 863 (citations omitted). "The focus of appellate review, therefore, of the sufficiency of evidence to support a conviction is on the complete picture, viewed in context and in the light most favorable to the Government, that all of the evidence portrayed." *Id.*

Pace asserts the evidence was insufficient to support the jury conviction for conspiracy. In order to establish Pace participated in a drug conspiracy, the Government must prove: (1) an agreement with another person to violate the law; (2) knowledge of the essential objectives of the conspiracy; (3) knowing and voluntary involvement; and interdependence among the alleged conspirators. *United States v. Stewart*, 256 F.3d 231, 250 (4th Cir. 2001). Construing the evidence in the light most favorable to the Government, the evidence was sufficient to support Pace's conviction because it established Pace was involved in a loosely knit group of neighborhood drug dealers in the area around Centre Street in Martinsburg, West Virginia. Testimony

established this area was a known drug trafficking area where runners would loiter waiting for crack purchasers to approach. The runners would find out how much the purchaser wanted and would then go to a dealer to get it. The dealer sources were sometimes in other nearby areas where the parties would go to complete the transaction. There was also sufficient testimony to establish that the conspiracy in which Pace participated involved five to fifty grams of crack.

Pace next asserts that the district court's instruction to the jury as to his right not to testify at trial was inaccurate and misleading and that the court's refusal to give his requested instruction on the subject was error. This Court "reviews jury instructions in their entirety and as part of the whole trial;" the inquiry is "whether the court adequately instructed the jury on the elements of the offense and the accused's defenses." *United States v. Bostian*, 59 F.3d 474, 480 (4th Cir. 1995) (internal quotation marks and citation omitted). Refusal to grant a requested instruction only constitutes "reversible error if the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Patterson*, 150 F.3d 382, 388 (4th Cir. 1998). This Court reviews a district court's decision of whether to give a jury instruction and the content of an instruction for abuse of discretion. *See United States v. Abbas*, 74 F.3d 506, 513 (4th Cir. 1996). A district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993).

Pace takes issue with the language the trial court used in giving its "no adverse inference" instruction. Particularly, he complains about the court's reference to a decision "not to put on any evidence" rather than stating he had "decided not to testify." Pace also complains about reference to a "tactical" or "executive" decision not to put on evidence and that such a decision was made "with his lawyer."

The district court adequately addressed Pace's failure to testify during voir dire and in its instructions at the conclusion of trial. Therefore, the court clearly did not refuse to exercise its discretion. Neither was the court's decision flawed by an erroneous legal or factual prem-

ise. The instructions that the court gave were sufficient to address Pace's concerns. The court's comments prior to voir dire and at the conclusion of the trial were a fair, accurate, and complete statement of the law. The import of the court's comments at voir dire and in instructing the jury was that Pace was not required to present any evidence at all and that his decision not to could not be used against him. Therefore, the district court did not abuse its discretion either in declining to give the "no adverse inference" instruction Pace offered or in giving its own instructions on the subject.

For these reasons, we affirm Pace's convictions and sentence. We dispense with oral argument because the facts and legal contentions of the parties are adequately presented in the materials before the Court and argument would not aid the decisional process.

*AFFIRMED*